**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Erika Cuellar,

Petitioner,

v.

Christopher Howard, et al.,

Respondent.

No. CV-26-02172-PHX-SHD (DMF)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE SHARAD H. DESAI, UNITED STATES DISTRICT JUDGE:**

This matter is on referral to the undersigned for further proceedings and a report and recommendation pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure (Doc. 4 at 4).[1]

## I. BACKGROUND, PROCEDURAL POSTURE, AND HABEAS CLAIMS

On March 30, 2026, self-represented Petitioner Erika Cuellar ("Petitioner" and/or "Cuellar") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging her immigration detention ("Petition") (Doc. 1). In the Order screening the Petition, the Court recounted:

> Petitioner is a native and citizen of Mexico who entered the United States in February 2024. Petitioner was detained by Immigration and Customs

[1] Citation to the record as "Doc." indicates documents as displayed in the official Court electronic document filing system maintained by the District of Arizona under Case No. CV-26-02172-PHX-SHD (DMF).

> Enforcement (ICE) agents on December 5, 2024, and has been continuously detained since that date. Petitioner states she is married to a United States citizen and has a pending Form I-130 application and Form I-360 application. Petitioner contends her continued detention violates her Fifth Amendment rights because she "has already prevailed before the Immigration Judge on the merits of her application[] for Cancellation of Removal" and her "detention has therefore become arbitrary, excessive, and unconstitutional."

(Doc. 4 at 2). The Court ordered Respondents to answer the Petition (*Id.* at 3).

On April 27, 2026, Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 10), in which Respondents oppose Petitioner's requested relief. Petitioner has not filed a reply and her time to do so has expired (*see* Doc. 4 at 4 (permitting Petitioner to file a reply within 10 days of service of an answer)).

On July 28, 2026, the Court ordered Respondents to file a status report advising as to the status of Petitioner and whether she is still held in immigration detention because Petitioner no longer appeared in the publicly available ICE Online Detainee Locator System (Doc. 12). On August 4, 2026, Respondents filed a status report advising that "Petitioner remains in custody at the Eloy Detention Center" (Doc. 13).

As reflected in the Form I-213, Record of Deportable/Inadmissible Alien, Petitioner is a native and citizen of Mexico who previously entered the United States near Douglas, Arizona in February 2008 and was subsequently returned to Mexico (Doc. 10-1 at 4). The Form I-213 further reflects that Petitioner unlawfully re-entered the United States in March 2008 (*Id.* at 3). Petitioner submitted an I-130, Petition for Alien Relative, which was approved on November 30, 2011, but Petitioner did not complete the adjustment process (*Id.* at 4). In 2013, Petitioner was issued a Notice to Appear ("NTA"), but the NTA was later cancelled and immigration proceedings were not commenced (*Id.*).

Petitioner's present immigration detention began following her arrest by Phoenix Police Department officers for an alleged assault (Doc. 10-1 at 3). On December 5, 2024, Petitioner was transferred from the custody of the Maricopa County Sheriff's Office into immigration detention pending removal proceedings (*Id.*).

Petitioner requested a bond hearing and on April 22, 2025, an Immigration Judge

("IJ") denied bond because the IJ concluded that Petitioner did not meet her burden to establish that she is not a danger to the community nor a significant flight risk (Doc. 10-2 at 1). Petitioner avers that she has remained continuously in immigration detention since December 5, 2024 (Doc. 1 at 3). According to Respondents, Petitioner's immigration claims had not been adjudicated as of the date of their Answer because Petitioner was still awaiting an individual merit hearing (Doc. 10 at 2 & n.1).

In her Petition, Petitioner argues that her prolonged detention violates the Due Process Clause of the Fifth Amendment (Doc. 1 at 4). Petitioner contends that her present detention has become unconstitutionally excessive because she has been detained for over one year (*Id.*). For relief, Petitioner asks the Court to declare that her prolonged detention violates the Due Process Clause of the Fifth Amendment, order Petitioner's immediate release from immigration detention or alternatively order that Petitioner be given a bond hearing, and order further relief that the Court deems just and proper (*Id.*). Petitioner states that she would live with her mother if released (*Id.* at 5).

In their Answer, Respondents maintain that Petitioner's present detention is statutorily authorized and constitutional (Doc. 10 at 2-9). Respondents first argue that Petitioner failed to exhaust her administrative remedies because she previously received a bond hearing at which the IJ found that Petitioner did not meet her burden to show that she is not a danger to the community nor a significant flight risk (*Id.* at 2-3). Respondents next reason that Petitioner essentially contests the IJ's bond determination and argue that such determinations are not reviewable in federal court (*Id.* at 3-4). Finally, Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225 and, to the extent Petitioner is a member of the class certified in *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 813 F.Supp.3d 1084 (C.D. Cal. Dec. 18, 2025), *Bautista* has no preclusive effect outside the Central District of California (*Id.* at 4-9).

## II. DISCUSSION

### A. Jurisdiction

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C.

§ 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Generally, "challenges to the statutory framework that permits the alien's detention without bail," *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018), "questions of law" raised in the application or interpretation of detention statutes, *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011), and "[c]laims that the discretionary bond process itself was constitutionally flawed are cognizable in federal court on habeas because they fit comfortably within the scope of § 2241." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)). Because Petitioner already received a bond hearing in April 2025 (*see* Doc. 10-2), Petitioner's prolonged detention claim essentially argues that due process requires a second bond hearing. Thus, Petitioner raises a question of law regarding the application or interpretation of detention statutes and the Court has jurisdiction over the Petition.

**B. Petitioner's Due Process Claim Fails**

*1. Petitioner's Detention is Governed by 8 U.S.C. § 1226*

Four statutes grant the Government authority to detain certain aliens during removal proceedings: 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023). An alien's place "within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Id.* (quoting *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008)).

After the Petition was fully briefed, the Ninth Circuit issued a decision addressing whether unadmitted aliens apprehended within the United States are subject to detention under § 1225 or § 1226. *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Ultimately, the Ninth Circuit held that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Id.*

Here, Petitioner was apprehended by immigration authorities in Maricopa County

after residing in the United States for approximately 16 years. The Ninth Circuit's holding in *Rodriguez Vazquez* dictates that Petitioner's detention is governed by § 1226.

*2. Petitioner's Due Process Claim Fails*

Because Petitioner already received a bond hearing in April 2025 (*see* Doc. 10-2), Petitioner's prolonged detention claim essentially argues that due process requires a second bond hearing. However, in *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1203 (9th Cir. 2022), the Ninth Circuit determined that the Due Process Clause does not require aliens detained under § 1226(a) to be afforded a second bond hearing. *See also id.* at 1212 (reasoning that "the duration of [the alien's] detention, by itself, did not create a due process violation"). Here, Petitioner asserts that her detention is unconstitutionally prolonged because it has lasted over one year. Because Petitioner has already received a bond hearing, the length of her detention cannot sustain a due process claim. Thus, Petitioner is not entitled to relief on the Petition.

*3. This Court Cannot Review the IJ's Bond Determination*

To the extent that Petitioner challenges the IJ's decision to deny bond, Respondents are correct that this Court lacks jurisdiction to review the IJ's decision. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("[D]iscretionary decisions granting or denying bond are not subject to judicial review[.]" (citing 8 U.S.C. § 1226(e))). Moreover, Petitioner failed to exhaust her administrative remedies. As the Ninth Circuit has stated, it is improper to "pursue[] habeas review of the IJ's adverse bond determination before appealing to the BIA." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Thus, Petitioner's claim is not exhausted and Petitioner has raised no grounds to excuse the exhaustion requirement.

## III. CONCLUSION

For the reasons set forth above, Petitioner is not entitled to any relief and the Petition should be denied.

Accordingly,

**IT IS RECOMMENDED** that no relief be granted to Petitioner in this matter, that

the Petition (Doc. 1) be denied, and that the Clerk of Court be directed to terminate this matter.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72. In addition, LRCiv 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated this 5th day of August, 2026.

Honorable Deborah M. Fine
United States Magistrate Judge